UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 13-433-HRW

RONNIE LEE DEATON, PLAINTIFF,

v.  **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current applications for disability insurance benefits and supplemental security income benefits on November 5, 2010, alleging disability beginning on January 1, 2006, due to back and hand problems (Tr. 214). These applications were denied initially and on reconsideration. On July 31, 2014, an administrative hearing was conducted via video by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 16, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-25). Plaintiff was 31 years old on the expiation of his disability insured status (June 30, 2007) and 37 years old at the time of the hearing decision. He has a GED and has worked as a press operator and laborer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease and status post tendon reconstruction, which he found to be "severe" within the meaning of the Regulations (Tr. 17-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-19).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 23) but determined that he has the residual functional capacity ("RFC") to perform light work (Tr. 19). Specifically, he could lift and carry ten pounds frequently and twenty pounds occasionally; sit and stand/walk for six hours each in an eight-hour workday; frequently climb ramps, kneel, crouch, crawl, and handle with his right hand; occasionally stoop; and never climb ladders/ropes/scaffolds (Tr. 17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 23-24). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 14] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ inappropriately relied upon his finding that Plaintiff may have exhibited drug-seeking behavior, (2) the ALJ substituted his opinion for those of medical professionals and (3) the ALJ improperly discounted the opinion of Robert Genther, Ph.D.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ inappropriately relied upon his finding that Plaintiff may have exhibited drug-seeking behavior.

In his decision, the ALJ listed drug-seeking behavior as a factor in assessing Plaintiff's credibility, but did not explicitly state, or even imply, that it was a significant or controlling factor (Tr. 22-23). In concluding that Plaintiff's testimony was not entirely credible, the ALJ also considered that the medical evidence of record was inconsistent with Plaintiff's subjective complaints (Tr. 22-23). Specifically, he noted that: (1) MRIs showed Plaintiff's lumbar back was

4

status post repair of disc herniation with anterior L5-S1 fusion, and there was no evidence of recurrent disc herniation or stenosis (Tr. 23, 479); and (2) Plaintiff had 5/5 grip strength in his right hand with adequate fine motor movements, dexterity, and ability to grasp object bilaterally (Tr. 23, 488).

To the extent Plaintiff contends this finding evinces bias on the part of the ALJ, the ALJ's actions do not rise to the level of bias. The alleged bias must arise from personal or extrajudicial sources and not from the record itself. *See Colfor v. N.L.R.B.*, 838 F.2d 164, 168 (6th Cir. 1987); In this case, there is nothing to indicate that the ALJ's finding that Plaintiff may have been drug seeking arose from personal or extrajudicial sources. Rather, there is evidence in the record that Plaintiff may have been drug seeking. (Tr. 433, 435, 442, 449, 451).

Plaintiff's second claim of error is that the ALJ substituted his opinion for those of medical professionals. There is simply no evidence of this in the record. To the contrary, a review of the decision and the record establishes that Rather, the ALJ considered the medical and other evidence of record and assessed Plaintiff's RFC. Plaintiff makes references to certain exhibits but fails to argue how these documents establish disability. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted).

Finally, Plaintiff contends that the ALJ improperly discounted the opinion of Robert Genther, Ph.D.

Dr. Genther is a consultative examiner who evaluated Plaintiff upon the request of the

5

state agency. Dr. Genther opined that Plaintiff had adequate ability to retain and follow simple instructions; had moderate limitations in his attention/concentration skills and his ability to work with others; and had marked limitations in his ability to persist at simple repetitive tasks, deal with the public, and tolerate stress and pressure (Tr. 498-99).

As a non-treating source, his opinion is not entitled to special deference. Rather, the weight afforded to an opinion from a non-treating source depends upon the factors set forth in 20 C.F.R. § 416. 927 ( C). It is clear from the hearing decision that the ALJ explicitly considered Dr. Genther's opinion and articulated reasons for assigning it little weight, namely that it was not supported by the clinical findings or history in Dr. Genther's own report or the other evidence of record (Tr. 22). For example, at the administrative hearing, Plaintiff testified that he had never sought treatment for mental health problem or taken medications for anxiety or depression (Tr. 48-49). In fact, when the ALJ asked if he needed mental health treatment, Plaintiff responded, "I don't think so" (Tr. 49). Further, Plaintiff testified that all of his limitations were the result of his back and hand problems (Tr. 38-48, 214). Moreover, on examination, Dr. Ngo found that Plaintiff was alert and oriented, he did not appear depressed or anxious, his remote and recent memory was intact, and he had good insight and judgment (Tr. 488). Nor was Dr. Genther's opinion supported by his own findings, which further detracts from their credibility. Plaintiff has not demonstrated that Dr. Genther's opinion is entitled to any greater weight.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 10th day of March, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

Henry R. Wilhoit, Jr., Senior Judge